IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

EDDIE MITCHELL,

    Plaintiff,

v.    CIVIL ACTION NO. 316-062

GEORGIA DEPARTMENT OF
CORRECTIONS, BETSY THOMAS,
Director of Human Resources,
and JAMES R. LAINE, Director
of Human Resources (Retired),

    Defendants.

**O R D E R**

On May 3, 2017, this Court granted Defendants' motion for summary judgment on Plaintiff's employment discrimination claims. The Court also closed the case and taxed costs against Plaintiff.

Presently before the Court is Plaintiff's motion to seal his pro se complaint and its attachments. Plaintiff states that he "does not want his inexperience and lack of resources to cause embarrassment or unnecessary pain to others." (Doc. No. 24.) Even more cryptically, Plaintiff states that he "has witnessed the harm, which he believes was associated with support for him, of being named in this suit and does not wish it upon anyone else." (Id.)

The Eleventh Circuit favors public access to judicial proceedings and there is a limited First Amendment right to documents in civil trial proceedings. See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1310 (11th Cir. 2001). Additionally, the public has a common-law right to inspect and copy judicial records, although the right is not absolute. Id. at 1311 (citing Nixon v. Warner Comms., Inc., 435 U.S. 589, 597-98 (1978)). Similar to Federal Rule of Civil Procedure 26(c)'s standard for the issuance of a protective order, "the common-law right of access requires a balancing of competing interests." Id. (citing Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983)). Accordingly, absent a showing that the interests of non-disclosure outweigh the public's common law right of access, a motion to seal should not be granted.

Here, Plaintiff has not articulated a concrete harm of keeping the complaint open to the public. In other words, he has not satisfied the "good cause" standard required by Federal Rule of Civil Procedure 26(c). See id. at 1313 (applying the Rule 26 good cause balancing test to non-discovery documents in a civil case). In balancing the public's access interest to Plaintiff's interest in confidentiality, the motion to seal the complaint and its exhibits (doc. no. 24) must be **DENIED**.

Plaintiff has also filed objections to Defendants' Bill of Costs. Defendants seek a total of $1005.78: $762.40 related to the deposition of Plaintiff, and $243.38 for scanning discovery material to a CD for production to Plaintiff. Plaintiff complains that the deposition was not necessary and the materials were not produced using the most cost effective means (i.e., paper copies). Both of the requested costs are recoverable under 28 U.S.C. § 1920. See U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000) (stating that deposition costs are recoverable if "'related to an issue which was present in the case at the time the deposition was taken'" (quoted source omitted)); Crouch v. Teledyne Continental Motors, Inc., 2013 WL 203408 (S.D. Ala. Jan. 17, 2013) ("§ 1920(4) allows taxation of costs for electronic copying . . . necessarily obtained for use in the case and not for convenience of counsel.")

In reviewing the Bill of Costs, the Court finds that deposing the party plaintiff is not only appropriate but typical of most every civil case that progresses through discovery. In this case, the deposition was necessary to obtain **sworn** testimony of the principal witness for the plaintiff, Plaintiff himself. Indeed, Plaintiff's deposition provided evidence for the factual background of the claims and bore out the fact that Plaintiff did not have any evidence of

discriminatory intent. (See generally Order of May 3, 2017, and id. at 16-17 & n.6.) Additionally, producing a discovery CD in response to Plaintiff's discovery requests is entirely appropriate and necessary. Plaintiff can only speculate photocopying 1100 pages of documents would have been more cost effective than the $.15 per page scanning fee. In short, Plaintiff's objections to Defendants' Bill of Costs are **OVERRULED**. Accordingly, the Clerk is instructed to tax the Bill of Costs against Plaintiff in the requested amount of $1,005.38.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of May, 2017.

_____
UNITED STATES DISTRICT JUDGE